125 N.J. Super. 474 (1973)
311 A.2d 751
JOHN F. PETRAS, SR., PLAINTIFF-RESPONDENT,
v.
JOSEPH V. ZACCONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 1973.
Decided November 15, 1973.
*475 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Joseph V. Zaccone appellant filed a pro se brief.
Respondent did not file a brief.
PER CURIAM.
Defendant appeals from that portion of a judgment entered in the Chancery Division declaring a document *476 to be an equitable mortgage, foreclosing same and directing that the mortgaged premises be sold to satisfy the mortgage debt.
Plaintiff and defendant Joseph Zaccone were partners in a business enterprise. On May 8, 1969 plaintiff loaned $3,000 to Joseph Zaccone. This money was not to be used for the business enterprise. Rather, it is uncontroverted that it was a personal loan.
Several months later defendant delivered to plaintiff a document purporting to be a bond and mortgage to secure repayment of the $3,000 loan. The lands and premises covered by the mortgage belonged to the estates of Vincent Zaccone and Josephine Zaccone. The bond and mortgage were signed by defendant Joseph Zaccone as executor of the estate. The document, crudely drawn, was deficient in many respects.
Plaintiff instituted this action to have the document declared an equitable mortgage, binding the lands and premises described therein and seeking a foreclosure sale to satisfy the mortgage debt. The complaint did not name as a defendant Joseph Zaccone, executor, though he is named individually.
Defendant contends that since the money was advanced as a personal loan, and plaintiff knew the money was advanced as a personal loan, plaintiff cannot now seek to foreclose the mortgage given by defendant in breach of his trust, because the property is owned by the estate. The controlling principle of law in this respect is set forth in the case of Foster v. Dey, 27 N.J. Eq. 599 (E. & A. 1876) as follows:
* * * [Plaintiff's] title can only be defeated by evidence showing that, at the time of the assignment, he knew that the trustee contemplated a breach of trust, and intended to misapply the money, or was, by the very transaction, applying it to his own private purposes * * *. [at 600; emphasis added]
At the time of the original transaction both parties knew the loan was for the personal use of Joseph V. Zaccone. Plaintiff *477 knew, "by the very transaction," defendant was applying "it to his own private purposes."
The delay in delivery of the mortgage and the manner in which it was executed were sufficient to put plaintiff on inquiry as to the validity of the document. An executor has no authority to use assets belonging to an estate to secure his own debts. The law exacts good faith from those dealing with knowledge of the representative capacity of another and imposes the obligation to make inquiry into the propriety of a transaction when it appears that the security offered is not being applied for the benefit of the estate. Kaufman v. Trust Co. of N.J., 128 N.J. Eq. 602 (Ch. 1941); Goodell v. Monroe, 87 N.J. Eq. 328 (E. & A. 1916). When one ignores a plain duty to make a full and complete inquiry, then he must accept the responsibility and liability his neglect or want of vigilance entails. Kaufman v. Trust Co. of N.J., supra, at 608.
When the mortgage was delivered to plaintiff, the representative capacity of defendant was clearly disclosed. It was incumbent on plaintiff to take steps at that time to secure his loan by proper security.
We hold it was error to direct foreclosure of the mortgage given by Joseph V. Zaccone, executor, on property of the estates of Vincent Zaccone and Josephine Zaccone, and reverse the judgment entered below, which declared the document to be an equitable mortgage and authorized the foreclosure and sale of the property described therein. In all other respects, the judgment below is affirmed.